UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CARRIE ROADEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 3:13-CR-161-PLR-HBG-19 |
| | ) | 3:16-CV-545-PLR |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 [Doc. 989]. The petition relies on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.*]. The United States responded in opposition to collateral relief on October 5, 2016 [Doc. 995]. Petitioner did not reply and the time for doing so has lapsed. E.D. Tenn. L.R. 7.1, 7.2. For the reasons below, the petition [Doc. 989] will be **DENIED** as untimely and **DISMISSED WITH PREJUDICE.**

I.  BACKGROUND

In 2014, Petitioner pled guilty, pursuant to a written plea agreement, to conspiring to distribute and possess with intent to distribute five kilograms of cocaine and at least 280 grams of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A) [Doc. 814]. Specifically, she admitted to participating in drug transactions, including one controlled transaction in which she and her boyfriend sold cocaine and a 9mm pistol to an informant [Doc. 799; Presentence Investigation Report (PSR) ¶¶ 68, 70]. Based on the drug quantity to which Petitioner stipulated when pleading guilty, her base offense level was 30 [*Id.* ¶¶ 69, 75]. A two level firearms

enhancement and a three level reduction for acceptance of responsibility, resulted in a total offense level of 29 [*Id.* ¶¶ 69, 76, 82–84], and a Guideline range of 108 to 135 months' imprisonment restricted by the statutory mandatory minimum of 120 months' incarceration when combined with Petitioner's criminal history category of III [*Id.* ¶¶ 91, 111–112].

Before sentencing, the United States filed a motion for downward departure pursuant to 18 U.S.C. § 3553(e); this Court granted that motion and sentenced Petitioner to 70 months' imprisonment on August 3, 2015 [Doc. 814]. No appeal was taken.

More than one year later—on August 28, 2016—Petitioner filed the instant § 2255 motion seeking vacatur or correction of her sentence in light of the *Johnson* decision [Doc. 989].

## II. TIMELINESS OF PETITION

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). This same provision governs the timeliness of later-filed amendments. *Cameron v. United States*, No. 1:05-cv-264, 2012 WL 1150490, at *3–6 (E.D. Tenn. April 5, 2012) (citing *Olsen v. United States*, 27 F. App'x 566 (6th Cir. Dec. 14, 2001)). Petitioner has failed to demonstrate that subsections (f)(2) or (f)(4) apply to her case. Specifically, she has not established that any illegal action by the government prevented her from making the timely

2

petition or the existence of facts affecting her case that could not have previously been discovered through the exercise of due diligence. The timeliness of her petition depends on whether its submission complied with subsections (f)(1) and (f)(3).

For purposes of the subsection (f)(1)—where the statutory period expires one year from the date on which the judgment of conviction becomes final—"a conviction becomes final at the conclusion of direct review." *Brown v. United States*, 20 F. App'x 373, 374 (6th Cir. 2001) (quoting *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001)). "[W]hen a federal criminal defendant does not appeal to the court of appeals, the [direct review concludes] upon expiration of the period in which the defendant could have appealed to [such court], even when no notice of appeal was filed." *Johnson v. United States*, 457 F. App'x 462, 465 (6th Cir. 2012) (quoting *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004)). Petitioner's judgment of conviction became final on August 17, 2015, fourteen days after the Court entered judgment on August 3, 2015. *See Sanchez Castellano v. United* States, 358 F.3d 424, 428 (6th Cir. 2004) (explaining unappealed judgments of conviction becomes final when the period for filing a direct appeal has elapsed); Fed. R. App. P. 4(b)(1)(A) (20012) (noting criminal defendant was required to file a notice of appeal within fourteen days of entry of the judgment appealed). The window relief under subsection (f)(1) began to run on that date, expired on August 17, 2016.

Failure to file the instant petition until August 28, 2016—eleven days after expiration of subsection (f)(1)'s statute of limitations on August 17, 2016—means that the instant motion is untimely under subsection (f)(1). To the extent that Petitioner relies on subsection (f)(3)'s independent filing period for relief based on a newly-recognized right made retroactively applicable on collateral review, the Court notes that the provision's one-year window runs from the date that the asserted right was recognized by the Supreme Court. 28 U.S.C. § 2255(f)(3). For

3

purposes of the instant case, the new right on which Petitioner relies was first recognized in the *Johnson* decision, which Supreme Court decided on June 26, 2015. *Johnson*, 135 S. Ct. at 2551. Thus, the statutory window for requesting relief based upon that decision under subsection (f)(3) expired one year later—on June 26, 2016. S*ee Welch v. United States*, 135 S. Ct. 1257, 1265 (2016) ("*Johnson* is . . . a substantive decision and so has retroactive effect . . . in cases on collateral review."); *In re Windy Watkins*, 810 F.3d 375, 380–81 (6th Cir. 2015) (finding *Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review and thus triggers § 2255(h)(2)'s requirement for certification of a successive petition). Again, Petitioner failed to submit the instant petition within the applicable window.

Section 2255(f)'s statute of limitations is not jurisdictional and may be tolled under limited, extraordinary circumstances. *Dunlap v. United States*, 250 F.3d 101, 1007 (6lth Cir. 2001). Used sparingly, a petitioner bears the burden of establishing that equitable tolling applies to his case, *see Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004), and must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing," *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010); *Hail v. Warden*, 662 F.3d 745, 750 (6th Cir. 2011); *see also Jurado*, 337 F.3d at 643 ("Absent compelling equitable considerations, a court should not extend limitations by even a single day.").

After review of the petition, the Court concludes that Petitioner has failed to put forth a single extraordinary circumstance justifying the failure to submit her collateral challenge within the window permitted by § 2255(f). *Compare Stovall v. United States*, No. 1:12-cv-377, 2013 WL 392467, at *3 (E.D.T.N. Jan. 31, 2013) (rejecting request for equitable tolling of subsection (f)(1) in absence of evidence illustrating a diligent pursuit of the rights asserted); *with Jones v. United*

4

*States*, 689 F.3d 621, 627 (6th Cir. 2012) (granting request for equitable tolling where the petitioner pled facts indicating he had been separated from his legal materials for an extended period of time due to multiple detention transfers and an illness). The petition will be **DENIED**.

### III. CONCLUSION

For the reasons discussed, the petition [Doc. 989] will be **DENIED** as untimely and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

/s/ Pamela L. Reeves
**UNITED STATES DISTRICT JUDGE**